**David HUGHES, Trustee, Appellant,**

v.

**Evelyn DASH, Appellee**

**No. 19625.**

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1962.

Paul G. Hyman, Don G. Nicholson, Nicholson, Howard & Brawner and Feibelman, Friedman, Hyman & Durant, Miami, Fla., for appellant.

Edwin C. Ratiner, James Guilmartin, Stanley Jay Bartel, Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

GRIFFIN B. BELL, Circuit Judge.

Appellant is trustee in bankruptcy of Lehman Lumber Company, Ltd., a Florida limited partnership, duly adjudicated bankrupt upon a voluntary petition. Appellee was a limited partner in the bankrupt.

Appellant filed a petition in the bankruptcy proceeding to determine the validity, amount and priority of liens claimed by appellee wherein he alleged that a

mortgage held by appellee on certain property of the limited partnership was null and void as against the trustee under Section 620.13 of the Florida Statutes, F.S.A. Florida adopted the Uniform Limited Partnership Act and the statute in question is Section 13 of that Act:

"Section 13. *Loan and other business transactions with limited partner*

"(1) A limited partner also may loan money to and transact other business with the partnership, and unless he is also a general partner, receive on account of resulting claims against the partnership, with general creditors, a pro rata share of the assets. No limited partner shall in respect to any such claim:

"(a) Receive or hold as collateral security any partnership property, or,

"(b) Receive from a general partner or the partnership any payment, conveyance or release from liability, if at the time the assets of the partnership are not sufficient to discharge partnership liabilities to persons not claiming as general or limited partners.

"(2) The receiving of collateral security, or a payment, conveyance or release in violation of the provisions of subsection (1) is a fraud on the creditors of the partnership."

After issue was joined the parties entered into a stipulation to the effect that appellee on August 1, 1955, while a limited partner, made a loan to the bankrupt from her own independent personal funds in the amount of $25,000.00 secured by the note of the bankrupt in that amount and a mortgage on described real property. This loan was paid off and is not in dispute. On the same date appellee made another loan to the bankrupt from her own personal funds in the same amount and it was secured by a note and mortgage on other described real property.

At the time of these transactions appellee had been asked, and had refused, to make additional capital contributions as a limited partner to the bankrupt. Also, it was stipulated that at the time of these transactions the bankrupt was solvent and had sufficient assets to discharge all of its liabilities, and was not contemplating bankruptcy, receivership, or reorganization, and there was no prospect of such. The creditors became creditors of the bankrupt subsequent to the mortgage transaction of August 1, 1955, in question.

The indebtedness secured by the second mortgage is still outstanding, together with interest thereon at 8% from and after the first day of August 1960. It was stipulated that the sole issue remaining to be litigated was the validity and priority of the outstanding mortgage lien claimed by appellee.

The matter was heard by the Referee in Bankruptcy who, in addition to the facts stipulated, found that the mortgage was recorded, that there was no issue as to the propriety of the first mentioned mortgage which had been satisfied, and that the transaction at issue was not in contemplation of a fraud on existing or future creditors, nor was it in contemplation of any preferential transfer or transfer in the nature of a preferential transfer, and that there was no taint of fraud on the transaction. The partnership segregated the transaction from the capital account of appellee in her capacity as a limited partner and regularly paid interest on the note in the ordinary course of business until August 1, 1960.

The Referee then concluded that the mortgage was valid and this holding was affirmed on review by the District Court.

 The statute in question, as the Referee determined, was designed to prevent illegal competition between the limited partner and creditors of the partnership for the assets of the partnership. See Commissioners' Note, Section 1, Uniform Limited Partnership Act, p. 4, second.

The plain meaning of the statute is that a limited partner may loan money

to the partnership and share pro rata with other creditors in the assets of the partnership. It provides that the limited partner may not receive security for the loan if at the time the assets of the partnership are not sufficient to discharge partnership liabilities. It was stipulated that the assets were sufficient at the time the loan was made.

The statute goes on to provide that the receiving of security under the circumstances of the assets being insufficient is a fraud on the creditors of the partnership. It was stipulated that there was no fraud in the transaction unless it was violative of this statute and we hold that it was not.

The contention of appellant is that the last clause in Section (1) (b) does not modify Section (1) (a) and under this theory the statute would simply provide that no limited partner may receive any partnership property as security for a loan. We reject this contention. Such construction is contrary to the only reported authority on the question. Grainger v. Antoyan, 1957, 48 Cal.2d 805, 313 P.2d 848. The California statute is also an enactment of the Uniform Limited Partnership Act and we follow the construction of it by the Supreme Court of that State.

That this is the proper construction is demonstrated by the Commissioners' Note following Section 1 of the Uniform Act, p. 5, Fifth, where Section 13 is referred to but in less tortuous language:

"The limited partner is not debarred from loaning money or transacting other business with the partnership as any other non-member; provided he does not, in respect to such transactions, accept from the partnership collateral security, or receive from any partner or the partnership any payment, conveyance, or release from liability, if at the time the assets of the partnership are not sufficient to discharge its obligations to persons not general or limited partners (Sec. 13)."

This makes it manifest that Sections 1(a) and 1(b) are modified by the requirement of sufficient assets to discharge the obligations of the partnership when any payment or conveyance is made or release given to the limited partner by, or he receives security from the partnership.

The judgment appealed from is Affirmed.