A. T. E. FINANCIAL SERVICES, INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF, v. J. DOUGLASS CORSON AND HARRY N. HAND, PARTNERS TRADING AS CORSON AND HAND. AND J. DOUGLASS CORSON, INDIVIDUALLY, AND HARRY N. HAND INDIVIDUALLY; MARINE NATIONAL BANK OF WILDWOOD, NEW JERSEY, A NATIONAL BANKING CORPORATION, TRUSTEE; DAVID C. INGERSOLL AND BENJAMIN C. INGERSOLL, III; ELLIS LOTHEIM, TRUSTEE FOR BOOKFIELD HOME MODERNIZERS, INC., A NEW JERSEY CORPORATION; GEORGIA M. SUMMERS AS ADMINISTRATRIX OF THE ESTATE OF FROST SUMMERS, DECEASED; NATIONAL NEWARK & ESSEX BANK, A NATIONAL BANKING ASSOCIATION; GUARANTEE BANK & TRUST COMPANY, A BANKING CORPORATION OF NEW JERSEY; DEE LUMBER CO. AND JAMES S. HESTON; AND MARINE NATIONAL BANK OF WILDWOOD, NEW JERSEY, A NATIONAL BANKING CORPORATION, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided July 10, 1970.

*Mr. James A. Scarpone* argued the cause for plaintiff (*Messrs. Hellring, Lindeman & Landau,* attorneys).

*Mr. Maurice M. Hayman* argued the cause for defendants *J. Douglass Corson* and *Harry N. Hand,* individually, and *Corson* and *Hand,* a partnership (*Messrs. Hayman* and *Gorelick,* attorneys).

*Mr. Robert E. Kay* argued the cause for defendant *Marine National Bank of Wildwood, New Jersey* (*Messrs. Kay* and *Corino,* attorneys).

FRITZ, J. S. C. This is a mortgage foreclosure action. Defendant Marine National Bank contests plaintiff's right to foreclosure on the basis that plaintiff, A. T. E. Financial Services, Inc., being a limited partner of defendants-mortgagors at the time the mortgage was given, is proscribed from the taking of such a security by the terms of *N. J. S. A.* 42:2-17. This defendant seeks summary judgment to that effect. The sole issue on this motion concerns itself with construction of *N. J. S. A.* 42:2-17.

For the purposes of this motion, it appears that plaintiff-mortgagee was in fact a limited partner of defendants-mortgagors at the time the mortgage was given. This relation-

ship, as a matter of fact, seems to have sprung from the financial transaction then occurring, which included the lending of money by plaintiff to defendants-mortgagors. Whether defendants-mortgagors at the time of this transaction had sufficient assets to discharge their other liabilities remains as a fact question.

The statute involved, enacted in New Jersey as a part of the Uniform Limited Partnership Law, is *N. J. S. A.* 42:2–17, and is as follows:

42:2–17. Loans and other transactions with limited partner

1. A limited partner also may loan money to and transact other business with the partnership, and, unless he is also a general partner, receive on account of resulting claims against the partnership, with general creditors, a pro rata share of the assets. No limited partner shall in respect to any such claim

a. Receive or hold as collateral security any partnership property, or

b. Receive from a general partner or the partnership any payment, conveyance, or release from liability, if at the time the assets of the partnership are not sufficient to discharge partnership liabilities to persons not claiming as general or limited partners.

2. The receiving of collateral security, or a payment, conveyance, or release in violation of the provisions of paragraph "1." of this section is a fraud on the creditors of the partnership.

Defendant's contention is that subparagraph (a) is absolute. Plaintiff contends that it is limited, with subparagraph (b), by the last clause of subparagraph (b). Neither counsel nor the court has found any illuminative New Jersey cases.

We are persuaded by the reasoning of *Hughes v. Dash,* 309 *F.* 2d 1 (5 Cir. 1962), and agree with it that the qualification in question was designed by the Legislature to limit the effect of both subparagraphs (a) and (b).

Paragraph 2 of the statute, in our view, clearly substantiates the determination in the *Hughes* case that the statute "was designed to prevent illegal competition between the limited partner and creditors of the partnership for the assets of the partnership." That intention is further demonstrated by the Commissioners' Note following section (1) of

the Uniform Act, where the entire purpose of section (13) [*N. J. S. A.* 42:2–17] is explained as follows:

The limited partner is not debarred from loaning money or transacting other business with the partnership as any other non-member; provided he does not, in respect to such transactions, accept from the partnership collateral security, or receive from any partner or the partnership any payment, conveyance, or release from liability, if at the time the assets of the partnership are not sufficient to discharge its obligations to persons not general or limited partners (Sec. 13).

Such competition is not a threat unless there is an insufficiency of partnership assets with which to discharge partnership liabilities to nonpartner creditors.

Defendant's contention implies a legislative intent to prohibit under any circumstances the taking of collateral security by a limited partner of any partnership property. Nothing in the statute suggests that the legislative intent was that broad. The purpose of the enactment conduces to a contrary conclusion.

Inasmuch as factual questions remain with respect to whether or not the assets of the partnership were at the time sufficient to discharge partnership liabilities to persons not claiming as general or limited partners, the motion for summary judgment must be denied.

An appropriate order may be submitted.