BASKIN, Judge.
HMG/Courtland Properties, Inc. [HMG], appeals an order dismissing its amended complaint. We reverse.
HMG, a limited partner in Grove Isle Associates, Ltd. [GIA], loaned GIA more than four million dollars. HMG brought an action against GIA and its general partners seeking a judgment in the amount of the indebtedness. The defendants filed a motion to dismiss the action alleging that section 620.13, Florida Statutes (1985),[1] barred HMG from bringing the suit. The trial court dismissed HMG’s amended complaint.
Section 620.13(l)(b)[2] provides that no limited partner shall "[r]eceive from a general partner or the partnership any payment, conveyance, or release from liability, if at the time the assets of the partnership are not sufficient to discharge partnership liabilities to persons not claiming as general or limited partners.” (Emphasis supplied). This section prevents competition for partnership assets by limited partners and partnership creditors. Hughes v. Dash, 309 F.2d 1, 2 (5th Cir.1962). The statute proscribes the receipt by limited partners of collateral security, payments, *1022 or conveyances, if at the time the assets of the partnership are not sufficient to discharge its obligation to persons not general or limited partners.” Unif. Limited Partnership Act § 1 Official Comment, 6 U.L.A. 565 (1969) (Emphasis supplied). The clear and unambiguous language of the statute supports the comment’s interpretation. Barnett Bank v. State Dept. of Revenue, 571 So.2d 527 (Fla. 3d DCA 1990). Section 620.13 does not purport to bar actions on a debt; this court will not rewrite the statute to prohibit such actions. Accordingly, the order dismissing the complaint is reversed and the cause remanded.
Reversed and remanded.

. Section 620.13, Florida Statutes was repealed by Laws 1986, c. 86-263, § 72, effective January 1, 1987.

. Section 620.13 adopts section 13 of the Uniform Limited Partnership Act. Laws 1943, c. 21887 § 13.